IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| **MED CARE EMERGENCY** | § | |
| **MEDICAL SERVICES, INC.,** | § | |
|     **Plaintiff** | § | |
| | § | |
| VS | § | C.A. NO. 7:21-cv-00445 |
| | § | |
| **CITY OF PHARR, TEXAS,** | § | |
| **ITZA FLORES, AMBROSIO "AMOS"** | § | |
| **HERNANDEZ, RICARDO MEDINA,** | § | |
| **DANIEL CHAVEZ, RAMIRO** | § | |
| **CABALLERO, ROBERTO "BOBBY"** | § | |
| **CARRILLO** | § | |
|     **Defendants** | § | |

**PLAINTIFF'S THIRD AMENDED COMPLAINT
AND APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND TEMPORARY AND PERMANENT INJUNCTIONS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff Med Care Emergency Medical Services, Inc. a Texas Corporation with offices at 303 Nightingale Avenue, McAllen, Texas 78504 filing this *its Third Amended Complaint and Application for Temporary Restraining Order and Temporary and Permanent Injunctions* against Defendants CITY OF PHARR, TEXAS, (hereinafter, "**the City**"), Itza Flores, Ambrosio "Amos" Hernandez, Ricardo Medina, Daniel Chavez, Ramiro Caballero, Roberto "Bobby" Carrillo and for such cause of action would respectfully show the Court the following:

**I. DISCOVERY-CONTROL PLAN & CLAIM FOR RELIEF**

1. Plaintiff intends to conduct discovery as directed by the Court due to removal to Federal Court by Defendant. As required by the rules and record keeping purposes, Plaintiff seeks monetary relief over $1,000,000.00 and non-monetary relief.

**II. PARTIES**

1

2. Plaintiff is a Texas for profit corporation with officers in McAllen, Hidalgo County Texas. The plaintiff has been providing emergency medical services since March of 1996 throughout the county of Hidalgo Texas.

3. Defendant, City of Pharr (City), an incorporated city located in Hidalgo County, Texas, may be served with process by serving the City Secretary of Pharr or the City Attorney of Pharr, at City Hall at 118 S. Cage Blvd, Pharr, Texas, under the authority of Texas Civil Practice and Remedies Code §17.024(b).

4. Defendant Itza Flores, is a City Commissioner and an individual who is a resident of Texas, may be served with process by service upon the City Secretary of the City or its City Attorney all within Hidalgo County, or wherever defendant may be found.

5. Defendant Ambrosio "Amos" Hernandez, is the City mayor and an individual who is a resident of Texas, may be served with process by service upon the City Secretary of the City or its City Attorney all within Hidalgo County, or wherever defendant may be found.

6. Defendant Ricardo Medina, is a City Commissioner and an individual who is a resident of Texas, may be served with process by service upon the City Secretary of the City or its City Attorney all within Hidalgo County, or wherever defendant may be found.

7. Defendant Daniel Chavez, is a City Commissioner and an individual who is a resident of Texas, may be served with process by service upon the City Secretary of the City or its City Attorney all within Hidalgo County, or wherever defendant may be found.

8. Defendant Ramiro Caballero, is a City Commissioner and an individual who is a resident of Texas, may be served with process by service upon the City Secretary of the City or its City Attorney all within Hidalgo County, or wherever defendant may be found.

9. Defendant Roberto "Bobby" Carrillo, is a City Commissioner and an individual who is a resident of Texas, may be served with process by service upon the City Secretary of the City or its City Attorney all within Hidalgo County, or wherever defendant may be found.

### III. JURISDICTION & VENUE

10. The Court has subject-matter jurisdiction over this action against the defendants because it arises under the U.S. Constitution, Amendments V and XIV, and under Federal Law 42USCA §1983; and under Sherman Anti-Trust Act, §§ 1 et seq., 2, 3, 8, 15 U.S.C.A. §§ 1 et seq.,2, 3, 7; Clayton Act, §§ 1, 4, 15 U.S.C.A. §§ 12, 15. Also, under the TEXAS BUSINESS AND COMMERCE CODE, § § 15.01 et seq. TEXAS TORTS CLAIMS ACT (TTCA) § 101.0215(18).

11.  This Court has personal jurisdiction over all Defendants because they committed these violations in Hidalgo County, Texas, which is located in the Southern District of Texas.

12.  Venue is proper in this district under 28 U.S.C. § 1391(e) because significant events giving rise to this action occurred in the Southern District of Texas.

### IV. FACTS AND ALLEGATION

13. All Exhibits and referenced attachments are one and the same as those referenced and attached to the Plaintiff's previous state Complaint filings in this cause and before this court.

14. Plaintiff is a for profit corporation incorporated under the laws of the state of Texas. It provides and has provided emergency medical services including ambulance transportation to and from medical facilities within the county of Hidalgo, Texas since March 12th, 1996.

15. On April 1, 2021, the City of Pharr, after posting their Meeting Agenda for April 5, 2021 (*see* Exhibit A; the "Agenda" with original complaint). The Agenda (under section VII. ORDINANCES AND RESOLUTION) under subsections "C)" and "D)", the City rushed a new proposed ordinance, that with the means of taxpayer money, provided it a semblance of power to bid and over-pay for the purchase of the bankrupt business that is "Hidalgo County EMS", ("HCEMS" herein), an emergency medical services ambulance company. On April 5, 2021, the City together with Defendants, the mayor, and City Commissioners (Defendants herein) met and approved the purchase.

    Plaintiff alleges Defendant Commissioners conducted meetings to plan this takeover outside of posted Commission meetings in violation of the TEXAS OPEN MEETINGS ACT (TOMA).

16. HCEMS, prior to its purchase by Defendants, was a privately owned ambulance company that contracts with various cities and medical facilities in Hidalgo county, Texas for ambulance services. HCEMS had been in bankruptcy since October 2019. (The United States Bankruptcy Court – Southern District of Texas Corpus Christi Division Cause No. 19-20-497) This company carried millions of dollars in debt. Its financial problems existed well before the COVID-19 pandemic. Its then-owner, Kenneth Ponce, had recently plead guilty to federal charges of bankruptcy fraud. *See* **Exhibit 1** – US Dept. of Justice Press Release March 17, 2021 (original complaint).

17. The Defendants reached an agreement with the bankruptcy court to purchase HCEMS. Details, terms, and amounts paid by the Defendants were not shared with the public. Plaintiff alleges that the purchase price was an over-valued bid to purchase HCEMS for an undisclosed amount of taxpayer money which bid was made for the purpose of benefiting family members of the Defendants the Mayor and the City Commissioners. The purchase price is believed to be an amount of over $1,000,000 in addition to the assumption of HCEMS's debt. Area news outlets did publish that $2.6 million in back taxes was owed to the IRS by HCEMS as federal tax returns had not been filed by HCEMS for the years of 2017, 2018, and 2019. Much of this debt will fall on taxpayers. *See* **Exhibit 2** – Copy of Agenda 7c (original petition). Bankruptcy Court records show that HCEMS was losing over $350,000 per month at the time it filed for bankruptcy.

### *Conflicts of Interests and Other Violations of Federal and State Law*

18. Plaintiff alleges that the Defendant Dr. Ambrosio "Amos" Hernandez, the Mayor of the Defendant City, is a significant shareholder of Doctors Hospital at Renaissance (DHR), a Medical facility in Hidalgo County but outside of the Defendant City of Pharr limits. HCEMS almost exclusive emergency medical transportation services to the Hospital financially benefit the Defendant Mayor by having all ambulance services take patients to DHR or a DHR owned facility.

19. Plaintiff alleges that Defendant, City Commissioner Dr. Ramiro Caballero's wife, is related to Kenneth Ponce, the federally convicted previous owner of HCEMS. The purchase of the bankrupt HCEMS by Defendants would aid the Caballero family both financially and otherwise.

Med Care EMS, Inc. v City of Pharr, et al
3rd Amended Complaint

20. Both Defendants Hernandez and Caballero violated the law under the TEX. LOCAL GOV. CODE Sections 171.001 *et seq.*, Conflict of Interest when they voted to purchase HCEMS and as below alleged, proceeded to act against the Plaintiff. Plaintiff alleges Defendant Commissioners' motivation could not have been public safety since there is in the Defendant City and the Hidalgo County area existing EMS services that have been meeting the needs of the County for more than twenty (20) years; rather Defendants' motivation was personal enrichment through stifling and eventually eliminating competition and directing EMS services to facilities in which Defendants have a financial interest. Additionally, Plaintiff alleges Defendants motivation was to enrich and to protect family members through the inflated purchase price of bankruptcy purchase of HCEMS.

21. Each and every one of the foregoing allegations if known to the voting public, but for the sequestration of knowledge about the purchase of HCEMS by the members of the City Commission, its Mayor, the Defendants herein, these facts at a closed meeting to gain "at all cost" HCEMS, would have given the citizens of the City an opportunity to voice their objection to the purchase by the City HCEMS. Now, there remains the appearance of a financial bailout of a Defendant family member at the expense of taxpayers. In sum, the conduct of the Defendant herein, was in violation of City Charter and TEXAS OPEN RECORDS ACT, Tex. Gov. Code sec 552.01 *et seq*.

22. Plaintiff further alleges and will prove that after the purchase by the Defendant City of HCEMS, it passed Ordinance No. O-202_1, a copy of which is attached hereto and made a part hereof. This ordinance has given license to the Defendants to harass Plaintiff, threaten Plaintiff, tell Plaintiff's client hospitals and clinics to cease working with Plaintiff, and to cancel and not renew contracts with the Plaintiff. Defendant has engaged in an aggressive campaign to take Plaintiff's valued employees and managers in an effort to monopolize for the Defendants the business of Emergency Ambulance Services as well as to destroy the Plaintiff's otherwise successful business. The Defendants' conduct constitutes a taking from Plaintiff under color of law, to deprive the Plaintiff of its property, its business, its contracts with healthcare facilities as well as its employees without just compensation in violation of the Constitution of the U.S., Amendments V and XIV.

Furthermore, the Defendants have violated 42 U.S.C.A. §1983.[1] The Defendants' conduct against the Plaintiff was to deprive the Plaintiff its existing successful business and to deprive it of its contracts with customers and employees in order to monopolize the EMS business to the new-found HCEMS.

The Defendants' conduct constitutes a taking without just compensation or without due process of law. The Defendants conduct was without jurisdiction and without purpose to the common good of the City of Pharr. All civil rights guaranteed under the US Constitution especially the taking of property under the Fifth and Fourteenth Amendments and the denial of Due Process thereto have been worked on the Plaintiff to its detriment.

23. The Plaintiff further alleges that the conduct of the Defendants violates 15 U.S.C.A. §§1, 2 3, 7, 12 and 15. Their activities to deny to the Plaintiff, its established business and interfere with its business activities constitutes a contract, combination or conspiracy in restraint of trade or commerce and is illegal both under 15 USCA§§1, 2 3, 7, 12[2] and the TEXAS BUSINESS AND COMMERCE CODE §§15.01 et seq.

The Defendants and each of them, have acted in restraint of trade and in attempting to create a monopoly in the Emergency Medical Services field, in violation of both the U.S. Anti-Trust and Monopoly laws and those echoed by the state of Texas in the above quoted Chapter 15

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. 42 U.S.C.A. § 1983.

[2] The Sherman Anti-Trust Act, 15 U.S.C.A. §§1 begins with "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal. Every person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court."

The Act's §2 states that "Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court. 15 U.S.C.A. §2.

Med Care EMS, Inc. v City of Pharr, et al
3rd Amended Complaint

of the TEXAS BUSINESS AND COMMERCE CODE.  The individual Defendants have acted beyond their designated official capacities and beyond the scope of their individual responsibilities as officials of a Texas municipality with malice toward the Plaintiff. They have unlawfully acted in their personal best interests rather than the safety and fiscal interests of the citizens of the City of Pharr, to the detriment of the Plaintiff and to Plaintiff's damage.

Both the Federal and the Texas Anti-Trust Laws provide for damages to the Plaintiff for which they are included as damages to the Plaintiff herein. See 42 U.S.C.A. § 1983, 15 U.S.C.A. §§1, 2 3, 7, 12 and 15 and TEX. BUS. AND COMM CODE §15.21(a) provides for damages, interest thereon and reasonable attorney's fees among the damages provided under 42 U.S.C.A. §1983, 15 U.S.C.A. §1 et seq.

24. The Defendants elected unfairly and illegally to compete, almost to the exclusion, with Plaintiff within the city of Pharr and within the county of Hidalgo, attempting to shut down existing businesses, including the Plaintiff's business, with municipal legislation and ordinances, by luring Plaintiff's employees away from Plaintiff and in posting and declaring to Plaintiff's clients that the Defendant EMS was their exclusive provider despite the lack of jurisdiction to do so outside the boundaries of the Defendant City, as more fully described here-in. Under TEX. GOV. CODE sec. 101.0215 (TTCA), liability and waiver of immunity is extended to the municipality for the use of items of personal property (municipally owned ambulances, medical equipment, and supplies). Use of EMS ambulances and medical equipment by City employees has waived City's immunity from suit. Plaintiff herein asserts that  A **municipality** has no immunity from liability under the Civil Rights Act flowing from its constitutional **violations** and may not assert the good faith of its officers as a defense to such liability. 42 U.S.C.A. § 1983. City of Lafayette, La. v. Louisiana Power & Light Co., 435 U.S. 389, 98 S. Ct. 1123, 55 L. Ed. 2d 364 (1978)

25. Defendant City, its Defendants mayor and city Commissioners have violated the TOMA, TEXAS GOVERNMENT CODE, Section 551.001 *et. seq.* in that Plaintiff alleges Defendant Mayor and Commissioners conducted City business to buy HCMS outside of posted open meetings. Therefore, because of Defendants' violations of TOMA, the purported actions of Defendant in purchasing HCEMS and then passing an effectively monopolistic ordinance's "O-2021_"

Med Care EMS, Inc. v City of Pharr, et al
3rd Amended Complaint

specifically targeted toward restricting the provision of EMS services in and through the City of Pharr, are voidable actions. This was done by Defendants in furtherance of its conduct violative of the US Constitution Amendment V and XIV, and 42 U.S.C.A. § 1983 to the Plaintiff and its business. This too in violation of 15 U.S.C.A. §§1, 2 3, 7, 12 and 15.

26. Plaintiff has been harmed in amounts that have caused it loss of business, loss of opportunity and diminution in its core cadre of employees in amounts of more than $1,500.000.00

27. Plaintiff recognizes that the liability of the City and the Mayor and Commissioners, in their official capacities is limited under the Texas Tort Claims Act Sec. 101.023 for actions involving governmental functions but only to the extent that sovereign immunity has not been waived. The conduct of the Defendants is *ultra-vires* of statutory governmental action, is voidable, has fraudulently undertaken the EMS HCEMS for personal gain. Defendants have tortiously interfered with the Plaintiff's established business and restrained trade within Hidalgo County, outside Defendant City borders, exposing the Defendants to personal liability to the Plaintiff, and punitive damages for the malicious conduct in creating and attempting to create a monopoly in Emergency Services business, as well as for violation of the Plaintiff's Constitutional Rights, privileges and immunities.

    Additionally, the Plaintiff has had to hire attorneys to defend its Constitutional and civil rights, not just under the U.S. Constitution but under the laws promulgated to protect the right of the nation's citizens but also under the Constitution and Laws of the State of Texas. Plaintiff has and will continue to incur reasonable and necessary attorney fees in this regard.

### V. REQUEST FOR DECLARATORY JUDGMENT

28. Plaintiff incorporates the factual allegations as set forth above. In accordance with the TEXAS CIVIL PRACTICE & REMEDIES CODE §37.001 et. seq., Plaintiff requests that this Court declare the Ordinance "O-2021\_" unconstitutional and unlawful as it imposes upon Plaintiff (and EMS service providers) undue burdens and restrictions upon the Plaintiff denying them their civil and Constitutional Rights as herein above pled. The ordinance protects the City's near monopoly

over ambulance services, not just within the City of Pharr, but in the greater service area throughout Hidalgo County. This is in violation of U.S. Law and Texas Law.[3]

29. Plaintiff incorporates all of the above averments and allegations in which it states to the court that the Defendant City's purchase of HCEMS was without a lawful hearing and in closed chambers, which action was voidable, and that the City be ordered divest itself of the proprietary business of HCEMS which now competes with the Plaintiff business and those other competitors in the business sector.

### VI. APPLICATION FOR TEMPORARY RESTRAINING ORDER

30. Plaintiff's application for a temporary restraining order is authorized by TEX. CIV. PRAC. & REM. CODE *§65.011(1)*. Under CPRC §65.011(1) a writ of injunction may be granted if the applicants are entitled to the relief demanded and all or part of the relief requires the restraint of some act prejudicial to the applicant.

31. Plaintiff asks the Court to prevent the City from enforcing Ordinance No. O-2021-. Plaintiff further asks the Court to prevent the City from harassing the Plaintiff, and from interfering in Plaintiff's business relationships with existing service customers, and from interfering with Plaintiff's employees, with the effect to close down Plaintiff's business.

32. It is probable that Plaintiff will recover from Defendant after a trial on the merits because the Ordinance, in its promulgation and as written, is unlawful and that the Defendant's conduct against the Plaintiff is unlawful.

33. If Plaintiff's application is not granted, harm is imminent and continuing; Plaintiff will be financially and professionally deprived of her calling and livelihood and the harm will be irreparable, not through legitimate free market competition, but because of Defendants' monopolistic ordinances and business practices under the color of law.

---

[3] U.S. Constitution Amendments V and XIX, 42 U.S.C.A. § 1983, 15 U.S.C.A. §§1, 2 3, 7, 12 and 15, and TEX. BUS & COMM. CODE, §§15.01 et seq.

Med Care EMS, Inc. v City of Pharr, et al
3rd Amended Complaint

34. Plaintiff has no adequate remedy at law for the on-going monopolistic business practices because Plaintiff cannot be adequately compensated in damages or the damages cannot be measured by any certain pecuniary standard.

35. Plaintiff is willing to post a reasonable temporary restraining order bond and requests to the Court to set such bond.

## VII. REQUEST FOR TEMPORARY INJUNCTION

36. Plaintiff asks the Court to set their application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against Defendants' monopolistic business practices under color of law.

37. Plaintiff has joined all indispensable parties under Texas Rule of Civil Procedure 39.

## VIII. REQUEST FOR PERMANENT INJUNCTION

35. Plaintiff asks the Court to set its request for a permanent injunction for a full trial on the merits and, after the trial, issue a permanent injunction against Defendant.

## IX. JURY DEMAND

38. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## X. CONDITIONS PRECEDENT

39. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## XI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, respectfully prays unto the Court that:

1. Defendants be cited to appear and answer herein;
2. A temporary restraining order will issue to Defendant, whereby the order will

restrain Defendant from considering and voting on the Ordinance or entering into any binding purchase agreement as it pertains to Hidalgo County EMS until after trial on the merits;

3. The Court set a reasonable bond for the temporary restraining order;
4. That after hearing the evidence and arguments of counsel, before the court, the Plaintiff have judgment for monetary damages against the Defendants for the maximum limits imposed under the 42 U.S.C.A. § 1983, 15 U.S.C.A. §§1, 2 3, 7, 12 and 15, TEXAS BUSINESS AND COMMERCE CODE § 15.01 and the TEXAS TORT CLAIMS ACT; That the Plaintiff have judgment against the Defendants, individually, and personally for damages in amounts greater than the minimum jurisdictional limits of the court; that the individual Defendants in their individual personal capacity be assessed punitive damages;
5. That the Court declare Ordinance No. O-2021-, improvidently ordained and unconstitutional;
6. That the Plaintiff be awarded all costs and Attorney's fees; and
7. For such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

*/S/ Francisco R. Canseco*
Francisco R. Canseco
Michael W. Simpson
Attorneys for Plaintiff
State Bar No. 03759600
frcanseco@gmail.com
19 Jackson Court
210.901.4279

Michael W. Simpson
State Bar No. 24008043
rangersimpson@satx.rr.com
251 Quentin Dr.
San Antonio, TX 78201
210.884.0991

Med Care EMS, Inc. v City of Pharr, et al
3rd Amended Complaint

## CERTIFICATE OF SERVICE

    I hereby Francisco R. Canseco certify that a true copy of this document has been served in accordance with one or more of the recognized methods of service by the Federal Rules of Civil Procedure on the persons or parties identified below on this, the 20th day of APRIL, 2022.

| | |
|---|---|
| ROBERT L. DRINKARD<br>**Via E-Filing**<br>Attorney In Charge<br>State Bar No. 24007138<br>So. Dist. ID No. 29288<br>rldrinkard@rampagelaw.com | KACEY M. VILLAFUERTE<br>**Via E-Filing**<br>State Bar No. 24114493<br>So. Dist. ID No. 3690258<br>kmvillafuerte@rampagelaw.com<br>DENTON NAVARRO ROCHA BERNAL & ZECH<br>A Professional Corporation<br>701 E. Harrison Ste 100<br>Harlingen, Texas 78550<br>956/421-4904<br>956/421-3621 (Facsimile) |
| RICARDO J. NAVARRO<br>**Via E-Filing**<br>State Bar No. 14829100<br>So. Dist. Id No. 5953<br>rjnavarro@rampagelaw.com | |

**COUNSEL FOR DEFENDANTS.**