**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**McALLEN DIVISION**

| | | |
|---|---|---|
| **MED CARE EMERGENCY** | § | |
| **MEDICAL SERVICES, INC.,** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS** | § | **C.A. NO. 7:21-cv-00445** |
| | § | |
| **CITY OF PHARR, TEXAS,** | § | |
| **ITZA FLORES, AMBROSIO "AMOS"** | § | |
| **HERNANDEZ, RICARDO MEDINA,** | § | |
| **DANIEL CHAVEZ, RAMIRO** | § | |
| **CABALLERO, ROBERTO "BOBBY"** | § | |
| **CARRILLO** | § | |
| **Defendants** | § | |

**DEFENDANTS' RULE 12 (b)(6) and 12(b)(1) MOTIONS TO DISMISS**
**AS TO PLAINTIFF'S THIRD AMENDED COMPLAINT**
**AND MOTION TO STAY DISCOVERY AS TO INDIVIDUAL DEFENDANTS**
**PENDING RESOLUTION OF QUALIFIED IMMUNITY**

_____

MAY IT PLEASE THE COURT:

COMES NOW DEFENDANTS, CITY OF PHARR, TEXAS (hereafter "City") AND ITZA FLORES, AMBROSIO "AMOS" HERNANDEZ, RICARDO MEDINA, DANIEL CHAVEZ, RAMIRO CABALLERO, ROBERTO "BOBBY" CARRILLO (hereinafter collectively "DEFENDANTS" or "CITY DEFENDANTS"), and file this Rules 12(b)(6) and 12(b)(1) Motions to Dismiss as to all claims contained in Plaintiff's recently filed and accepted Third Amended Complaint (hereafter "Complaint"), requesting that the Court dismiss the claims against them for lack of jurisdiction, in whole or in part, based on any one or more of the reasons set forth below and further requests a stay of discovery as to the Individual Defendants pending qualified immunity rulings.

## I.  NATURE OF THE CASE/FACTUAL BACKGROUND

The City of Pharr, Texas is a Home-Rule City under Texas law. On April 26, 2021, the City of Pharr's Board of Commissioners approved the purchase of assets of Hidalgo County EMS ("HCEMS").  On May 17, 2021, the Pharr Board of Commissioners enacted Ordinance No. O-

2021-27 ("the Ordinance") declaring the City of Pharr as the City's sole provider of emergency ambulance service for the health, safety, and wellness of its citizens.

In the Third Amended Complaint, Plaintiff improperly and inaccurately alleges that the City Defendants fraudulently "purchased HCEMS" and not its assets, and claims the Ordinance is unconstitutional and unlawful. *Dkt. 32*.

## II.  MOTIONS FOR RULE 12 DISMISSAL STANDARD

Plaintiff's Complaint does not properly state causes of action against the Defendants and does not plead facts overcoming their qualified immunity. Defendants hereby request that the Court dismiss Plaintiff's complaint and the causes of action against them pursuant to FRCP 12(b)(1) and/or 12(b)(6). Defendants also request a stay of discovery as to them individually pending a ruling on qualified immunity.

Motions filed under Fed. R. Civ. P. 12(b)(1) challenge the subject matter jurisdiction of the district court. Subject matter jurisdiction must be determined before the court addresses other grounds for dismissal. *See Marathon Oil Co. v. Ruhrgas,* 145 F.3d 211, 220 (5th Cir.), *cert. granted,* 525 U.S. 1039 (1998). "A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under rule 12(b)(6)." *August Trading Inc. v. United States Agency For Int'l Dev.,* 167 F.Supp.2d 964, 966 (S.D. Tex. 2001); *citing Home Builders Assoc. of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998). "Under rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* 668 F.3d 281, 286 (5th Cir.2012) (internal quotation marks omitted). The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir.1981). The plaintiff must affirmatively demonstrate subject matter jurisdiction in a suit against a governmental unit by alleging a valid waiver of governmental immunity in her pleading. *Tex. Dept. of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex.2001).

A motion to dismiss for failure to state a claim upon which relief can be granted tests the formal sufficiency of the statement of claim for relief in plaintiff's complaint.  *Doe Hillsboro ISD*, 81 F.3d 1395, 1401 (5th Cir.1996). A motion to dismiss pursuant to Rule 12(b)(6) challenges the complaint on the basis that it fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678; (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Culberson v. Lykos,* 790 F.3d 608, 616 (5th Cir. 2015). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.,* 300 F.3d 620, 624 (5th Cir 2001) (quoting *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million,* 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993)).

Both the factual and alleged legal assertions are insufficient for purposes of pleading requirements in a number of ways, as more fully pointed out below. Additionally, Plaintiff pleads claims that are clearly barred by immunity and for which the Defendants are entitled to qualified immunity.

### III.  SUMMARY OF THE ARGUMENT

The Individual Defendants are entitled to qualified immunity from whatever federal claims the Amended Complaint may be interpreted to plead and a stay of discovery pending a ruling on qualified immunity.

The Plaintiff's constitutional due process claims and anti-trust claims fail because Plaintiff makes claims for which relief cannot be afforded. The Court lacks subject-matter jurisdiction over Plaintiff's Declaratory judgement claims because the City is immune from such claims. The Court further lacks subject-matter jurisdiction of the declaratory judgement claims because the Ordinance is penal in nature and the Uniform Declaratory Judgement Act does not provide subject-matter jurisdiction to declare it unconstitutional or unlawful. The Court lacks subject-matter jurisdiction over any intentional tort, monopoly, and TOMA claims against the City Defendants because Plaintiff cannot plead facts nor show sufficient jurisdictional facts to support the claims against the City Defendants to waive immunity. The Court also lacks subject-matter-jurisdiction over Plaintiff's Tex. Local Gov. Code Section § 171.003 claim because it is not a private cause of action and Plaintiff lacks standing to bring such a claim.

The claims against the individual Commission members must be dismissed based on the election of remedies provision contained in the Tort Claims Act and because they have legislative immunity from the claims against them with regards to their votes to pass the Ordinance and purchase assets of HCEMS. The Court therefore also lacks subject-matter jurisdiction over the ultra-vires claims against the official capacity Defendants. Further, the individual Defendants are entitled to qualified immunity as to the federal due process claims against them.

## IV.  ARGUMENT AND AUTHORITIES

### A.    Plaintiff does not plead adequate claim against Individual Defendants, and they are Entitled to Qualified Immunity & Stay of Discovery

#### 1.    Qualified Immunity

Plaintiff's Complaint does not state any cause of action against the Individual Defendant City Commission members for which their qualified immunity would be overcome. *Dkt. 32*.  These individual Defendants include City Commission members Itza Flores, Ambrosio "Amos" Hernandez, Ricardo Medina, Daniel Chavez, Ramiro Caballero, Roberto "Bobby" Carrillo who are collectively referred to as "Individual Defendants" or "Individual Commission Defendants".

Plaintiff's Complaint does not satisfy pleading requirements imposed upon complainants who sue public officials in their individual capacities when qualified immunity is alleged.  Plaintiff must plead facts with an eye towards demonstrating a clearly established violation of a constitutional right by each individually named defendant. The pleading must be sufficiently specific to apprise the Court, as well as the individually named defendant, what actions or actions allegedly amounted to a violation of a constitutional right.  Further, the pleadings must demonstrate what constitutional right is at issue, and must further demonstrate that the right was "clearly established" at the time of the underlying alleged incident.

Plaintiff's Complaint did not plead any facts regarding conduct that each individual Defendant supposedly engaged in that, if true, would amount to a violation of a clearly established constitutional right and as such there was no linkage between the factual recitations and the claimed constitutional violations.  *Dkt. 32*. As presently constituted, the Complaint fails to state a cognizable claim for relief against each of the individually named Defendants and the Complaint is therefore subject to dismissal pursuant to Rule 12(b)6).

In the 5th Circuit, when a public official pleads the affirmative defense of qualified immunity in his or her answer, the District Court may, on the official's motion, or on its own, require the Plaintiff to reply to that defense in detail pursuant to FED. R. CIV. P. 7(a).  *Schultea v. Wood*, 47 F.3d 427, 433 (5th Cir. 1995) (*en banc*).  *Schultea* outlines a two-step process, requiring the Plaintiff to file a short and plain statement of his claims pursuant to FED. R. CIV. P. 8(a)(2), which is then to be followed by a more particular reply pursuant to FED. R. CIV. P. 7(a).  Regardless of "[w]hether the official's immunity is absolute or qualified, allowing any but perhaps the most preliminary proceedings on the immunity-barred claims runs squarely counter to the doctrine's basic protective purpose." *Elliot*, 751 F.2d at 1478.  A Section 1983 complainant must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  Specifically focusing on the conduct which caused his injury, Plaintiff must allege facts that, if proven, would show that a public official violated his statutory or constitutional rights. *Callis v. Sellars*, 931 F.Supp. 504, 517 (S.D. Tex. 1996).  Furthermore, "[t]o state a cause of action under Section 1983, the Plaintiff must allege facts reflecting the defendant's participation in the alleged wrong, specifying the personal involvement of each Defendant." *Jolly v. Klein*, 923 F.Supp. 931, 943 (S.D. Tex. 1996) (emphasis added) (citing *Murphy v. Keller*, 950 F.2d 290, 292 (5th Cir. 1992)).

Because vicarious liability does not apply in §1983 actions, Plaintiff must demonstrate facts that directly tie the individually named supervisory or elected defendants into the alleged constitutional violation.  *See Thompkins vs. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (setting out standards for supervisory liability). Qualified immunity is "an immunity from suit rather than a mere defense to liability…it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511 (1985). In addressing the purpose behind the qualified immunity doctrine the Supreme Court has stated, "We have made clear that the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery," *Person v. Callahan*, 555 U.S. 223 (2009). Additionally, "We repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Person*, 555 U.S. at 232.

In determining whether a governmental official is entitled to qualified immunity protection the court uses a two-step process. "We determine whether the plaintiff has alleged the violation of a clearly established constitutional right. If so, we then decide if the defendant's conduct was

objectively reasonable." *Nerren v. Livingston Police Dept.*, 86 F.3d 469, 473 (5th Cir. 1996). In order to determine whether this two-prong threshold has been met the Plaintiff must plead these facts in the complaint. "First the district court must insist that a plaintiff suing a public official under § 1983 file a short and plain statement of his complaint, a statement that rests on more than conclusions alone." *Schultea* at 1427.

As to the individual City Commission Defendants, Individual City Commission Defendants adopt and incorporate each of the arguments below in this Motion to Dismiss as to their alleged conduct. In accordance with this, Individual Defendants note that Plaintiff fails to plead facts that a clearly established constitutional right of its was violated by each of the Individual Defendants.  In fact, Plaintiffs plead absolutely no facts or make no allegations of a violation of any constitutional right by any of the individually named Defendants. *Dkt. 32*. Instead, Plaintiffs vaguely take issue with the individually named Defendants voting to pass City ordinances to purchase ambulance assets and then to voting to pass and ordinance to have the City operate its own EMS services; arguing some of them violated various state statutes with regard to these votes. *Dkt. 32*. Consequently, Plaintiff cannot even get past the first prong of the Defendants' qualified immunity as it has not pled nor shown a clearly established constitutional right violated by each of the individually named Defendants.

Secondly, Plaintiff has not pled facts indicating that each of the City Commission Defendants' conduct was objectively unreasonable. *Dkt. 32*. Plaintiff pleads that some of them allegedly violated various state statutes in voting on and approving the City Ordinances regarding EMS operation in the City of Pharr. *Id*. Plaintiff pleads absolutely no facts regarding specifically what conduct *each* individual Defendant allegedly did that would constitute objectively unreasonable conduct in violation of the U.S. Constitution in passing Ordinances dealing with police powers regarding ambulance services. Based on the pleadings, each of the individual Commission Defendants is entitled to qualified immunity.

## 2. Stay of Discovery

In light of the foregoing assertions of immunity, which includes immunity from the burdens of suit, as well as liability, Individual Defendants hereby requests a stay of any and all discovery obligations against them individually until the issue of qualified immunity is resolved by the Court. This includes relief from any obligation to make disclosures, to respond to written discovery, or to appear for depositions. To the extent that Plaintiff's claims are not supported "with sufficient

precision and factual specificity to raise a general issue of illegality of [any] Defendants' conduct at the time of the alleged act," a Court may, and should also bar or limit discovery at this threshold pleading stage. *See Schultea*, 47 F.3d at 1433-34. In *Wicks v. Mississippi State Employment Services*, 41 F.3d 991 (5th Cir. 1995), the Fifth Circuit went a step further and held that discovery must not proceed at all until the trial court has found that the plaintiff has asserted facts sufficient to meet heightened pleading requirements and thereby overcome the defense of qualified immunity. After ruling that the plaintiff's complaint in this case was "wholly conclusional" and did, in fact, fail to meet heightened pleading requirements, the Fifth Circuit found that the effect of the Magistrate's order allowing discovery on the qualified immunity issue was to deny the defendant the intended effects of a qualified immunity defense. The Fifth Circuit, therefore, reversed the district court's denial of the motion to stay discovery and remanded the case to the district court for consideration of the motion to dismiss in a manner consistent with the court's opinion. 41 F.3d at 995. 39. In addressing the purpose behind the qualified immunity doctrine the Supreme Court has stated, "We have made clear that the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery," *Person v. Callahan*, 555 U.S. 223 (2009). Additionally, "We repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Person*, 555 U.S. at 232.

In a recent ruling, the Fifth Circuit further addressed the issue of a discovery stay where an assertion of qualified immunity was made during the motion to dismiss phase: "We hold the district court abused its discretion by deferring its ruling on qualified immunity and subjecting the immunity-asserting defendants to discovery in the meantime. *See ibid*. Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the immunity question at that stage. It cannot defer that question until summary judgment. Nor can it permit discovery against the immunity-asserting defendants before it rules on their defense. *See id. at 648* (It is "*precisely* the point of qualified immunity ... to protect public officials from expensive, intrusive discovery *until and unless* the requisite showing overcoming immunity is made." (second emphasis added))." *Carswell v. Camp*, No. 21-10171, 2022 WL 2186363, at *2 (5th Cir. June 17, 2022).

As shown above, Plaintiffs have failed to state a claim of constitutional magnitude as to each of the Individual Commission Defendants. The individual Defendants have raised their entitlement to qualified immunity in this motion to dismiss. They are therefore entitled to a stay of all discovery until the issue of qualified immunity is resolved by this Court.

**B.      Due Process Claims Fail**

Plaintiff brings claims for alleged due process violations of the 5th and 14th Amendments against Defendants. Plaintiff's Complaint is vague in that it fails to specify whether the suffered deprivation concerns substantive or procedural due process. Regardless, Plaintiff fails to state claims for which relief can be granted as to these claims. Essentially the claim is that the City has established its own "competing" ambulance service; and requires other ambulance services to obtain permits/licenses; and that doing so harmed Plaintiffs' ambulance business, resulting in due process violations. *Dkt. 32*.

**1.      Fifth Amendment Claim**

Plaintiff's Fifth Amendment Claim against all Defendants fails to state a claim for which relief can be granted. Plaintiff has sued a local government; and its Commissioners, not the federal government. The Fifth Amendment's due process clause applies only to violations of constitutional rights by the United States or a federal actor, and not to actions of a municipal government or its employees acting under color of state law *Jones v. City of Jackson,* 203 F.3d 875, 880 (5th Cir.2000); *Morin v. Caire,* 77 F.3d 116, 120 (5th Cir.1996). The claim should be dismissed.

**2.      Fourteenth Amendment Claim**

As to Plaintiff's Fourteenth Amendment due process claim, to be entitled to due process, a Plaintiff needs to present facts showing a deprivation of a property interest. *Mahone v. Addicks Utility District of Harris County,* 836 F.2d 921, 929 (5th Cir.1988). Procedural due-process guarantees are invoked when a state actor deprives an individual of a protected life, liberty, or property interest. *Baldwin v. Daniels,* 250 F.3d 943, 946 (5th Cir.2001) ("To bring a procedural due process claim under § 1983, a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest."). Substantive due process claims involving property rights are not sustainable if there exists "any conceivable rational basis" for the challenged legislative decision. *FM Properties Operating Co. v. City of Austin,* 93 F.3d 167, 174 (5th Cir.1996) *citing Shelton v. City of College Station,* 780 F.2d 475, 477 (5th Cir.) (*en banc*) and *South Gwinnett Venture v. Pruitt,* 491 F.2d 5, 7 (5th Cir.)

(*en banc*). In other words, governmental action implicating a protected property right comports with substantive due process if the action is rationally related to any conceivable legitimate government objective. *Id.* (citations omitted); *Energy Management Corp. v. City of Shreveport,* 467 F.3d 471, 481 (5th Cir.2006); *Simi Investment Co., Inc. v. Harris County, Texas,* 236 F.3d 240, 250–251 (5th Cir.2000). "[T]he 'true' purpose of the [action], (i.e., the actual purpose that may have motivated its proponents, assuming this can be known) is irrelevant for rational basis analysis." *FM Properties,* 93 F.3d at 174. "The question is only whether a rational relationship exists between the [government action] and a *conceivable* legitimate objective." *FM Properties,* 93 F.3d at 174–175 (emphasis in original); *Simi Investment,* 236 F.3d at 251. "If the question is at least debatable there is no substantive due process violation." *Id.* (citations omitted). Moreover, only if government action is "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare," may it be declared unconstitutional. *FM Properties,* 93 F.3d at 174–175 *quoting Village of Euclid v. Ambler Realty Co.,* 272 U.S. 365, 395, 47 S.Ct. 114, 121, 71 L.Ed. 303 (1926); *Shelton,* 780 F.2d at 483.

Plaintiff's pleadings fail because they do not plead facts supporting a claim for which relief can be granted as to either a substantive or procedural due process claim when the City passed Ordinances to purchase its own ambulance assets and required licenses for private ambulances to operate within the City. First, notably, Plaintiff does not plead that it had an exclusive franchise to operate ambulances within the City of Pharr-because it did not. *Dkt. 32.* Secondly, it is clear that a rational relationship exists between the City government action (ambulance regulation; providing of ambulance service) and a conceivable legitimate objective-efficient and affordable ambulance services to citizens. *Gentry v. Howard*, 365 F. Supp. 567, 573 (W.D. La. 1973) (Regulating ambulance service in order to make this necessity financially available to a majority of the public is as much a legitimate state purpose as imposing regulations to insure safety of the activity.) This applies even when there is some evidence to indicate that a private enterprise could not, at a profit, operate under a City's ambulance ordinance, as this still does not deem the Ordinance an unreasonable and arbitrary exercise of police power, especially when it concerns an activity so integrally related to the safety and well-being of the public as ambulance service. *Id.* This rational relationship also exists regardless of what facts Pleads regarding motive in passing the Ordinance. Simply pleading selfish or improper motive does not sufficiently plead that no rational relationship exists. It is the nature of the Ordinance that is analyzed, not the alleged hidden motives for passage

of the Ordinance. The Ordinances at issue unquestionably related to the public health, safety and welfare of the citizens, because they specifically relate to and regulate EMS in the City of Pharr.

Further, the law is clear that Plaintiff cannot legally complain of competition from a publicly-created agency performing similar functions in the public interest, as creation of a competitor by a governmental body's actions, whether it results simply in loss of revenue to a privately owned company or, ultimately, in its being forced to cease business, does not amount to a taking or deprivation of property within the meaning of the Fourteenth Amendment. *Durham v. State of North Carolina,* 395 F.2d 58 (4th Cir., 1968); Helena Water Works Co., v. Helena, 195 U.S. 383, 392, 25 S.Ct. 40, 43, 49 L.Ed. 245 (1904); *Gentry*, 365 F. Supp. at 572. *See also Hegeman Farms Corp. v. Baldwin,* 293 U.S. 163, 170, 55 S.Ct. 7, 9, 79 L.Ed. 259 (1934) ("The Fourteenth Amendment does not protect a business against the hazards of competition."); *cf. Reich v. Beharry,* 883 F.2d 239, 242 (3d Cir.1989) ("Every breach of contract by someone acting under color of state law [does not] constitute[ ] a deprivation of property for procedural due process purposes."). Just because the state's actions impact on a private business does not mean that this action somehow infringes on the Fourteenth Amendment rights of the private individual. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.,* 131 F.3d 353, 361 (3d Cir. 1997), *aff'd*, 527 U.S. 666, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999).

Commencement of a public ambulance service is a proper exercise of a City's powers, and a City Council/Commission is under no duty to consult the corporation before establishing that service. *Gentry*, 365 F. Supp. at 572. Plaintiff's contention that the City's failure to properly hold a prior public hearing in order to determine economic feasibility and compelling public interest violated its Fourteenth Amendment rights totally is without merit. There is no doubt that a compelling public interest is involved in assuring reliable ambulance service; and a private ambulance's interest is political, not judicial. *Id.*

Further, Plaintiff has no property interest in operating ambulances in the City of Pharr exclusive of competition from City ambulances; or at all. "[A] party cannot possess a property interest in the receipt of a benefit when the state's decision to award or withhold the benefit is wholly discretionary." *Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir.2002); *R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 435 (6th Cir. 2005). For all of the above reasons Plaintiff's Fourteenth Amendment claims fail for failure to state a claim for which relief can be granted.

### C.  Anti-Trust Claims Fail

With the Amended Complaint, Plaintiff purports to add claims for violations of the Sherman Anti-Trust Act, §§ 1 et seq., 2, 3, 8, 15 U.S.C.A. §§ 1 et seq.,2, 3, 7; and Clayton Act, §§ 1, 4, 15 U.S.C.A. §§ 12, 15. *Dkt. 32*. This is a claim for which no relief can be granted because the City is immune from antitrust scrutiny under the doctrine of *Parker v. Brown,* 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943). The Supreme Court held in *Parker* that the Sherman Act does not reach the anticompetitive conduct of a state speaking through its legislature. 317 U.S. at 350–51, 63 S.Ct. at 313. The Supreme Court subsequently held that a municipality falls within the Sherman Act's prohibition of private anticompetitive conduct unless the municipality can show that its activities were authorized by the state "pursuant to state policy to displace competition with regulation or monopoly public service." *City of Lafayette v. Louisiana Power & Light Co.,* 435 U.S. 389, 413, 98 S.Ct. 1123, 1137, 55 L.Ed.2d 364 (1978) (plurality opinion). A unanimous Court reiterated that *Parker* exemption applies whenever the state legislature has "clearly articulated and affirmatively expressed" a state policy to displace competition in the regulated area—that is, whenever " ' "the legislature contemplated the kind of action complained of." ' " *Town of Hallie v. City of Eau Claire,* 471 U.S. 34, 105 S.Ct. 1713, 85 L.Ed.2d 24 (1985).

In Texas, a municipality's operation of its own EMS service to the exclusion of others entitles the municipality to immunity from anti-trust challenge because Texas law has so clearly vested municipalities with extensive regulatory discretion over the emergency medical services industry. *Cent. Ambulance Serv., Inc. v. City of Dallas*, 631 F. Supp. 366, 369 (N.D. Tex. 1986). Texas law clearly authorizes "anti-competitive" conduct with respect to EMS operation and regulation.[1]

As to Plaintiff's allegations of fraudulent motives, once a municipality establishes it is entitled to state action immunity, the subjective motivation of the actors involved in the decision-making process should not come into play. *See City of Columbia v. Omni Outdoor Advertising, Inc.,* 499 U.S. 365, ——— – ———, 111 S.Ct. 1344, 1346–47, 113 L.Ed.2d 382 (1991) (holding there

---

[1] The Texas Tort Claims act defines operation of emergency ambulance service as a function given by the state as part of its sovereignty. Tex. Civ. Prac & Rem Code Sec. 101.0215. The Texas Constitution provides municipalities with inherent police powers pursuant to the Texas Constitution (Art 11 sec 5), and the legislature may define what is a governmental power (Art 11 sec. 13). Additionally, the Texas Local Government Code Chapter 252 excludes procurement requirements for EMS services. Tex. Loc. Govt Code Sec. 252.022.

is no conspiracy exception to the state action doctrine); *Hancock Indus. v. Schaeffer,* 811 F.2d 225, 234 (3rd Cir.1987); *see also Consolidated Television Cable Serv., Inc. v. City of Frankfort,* 857 F.2d 354, 361–62 (6th Cir.1988) (misapplication of otherwise clearly expressed state law does not result in denial of immunity), *cert. denied,* 489 U.S. 1082, 109 S.Ct. 1537, 103 L.Ed.2d 842 (1989); *Buckley Const., Inc. v. Shawnee Civic & Cultural Dev. Auth.*, 933 F.2d 853, 856 (10th Cir. 1991). As such these claims should be dismissed for failure to state a claim for which relief can be granted.

**D.** **State law claims- the Defendant City is Governmental Entities Entitled to Immunity for State law claims & Immunity Standard**

Plaintiff pleads various state law claims for which this Court can exercise supplemental jurisdiction to rule on challenges to the pleadings as to state causes of action asserted. The remaining challenges in this Motion below address Plaintiff's various state law claims.

The Defendant City of Pharr hereby requests that the Court take judicial notice of the contents of its file, and to note specifically that the City of Pharr is a home rule municipality and that it is a government entity organized under the laws of the State of Texas for purposes of immunity and the application of applicable statutes. The City Defendants have properly raised their entitlement to governmental and sovereign immunity from liability and from suit, as well as other applicable affirmative defenses, including standing, all of which are contained in the Defendants' live pleading in this case.

A party suing a governmental entity must allege consent to suit either by reference to statute or express legislative permission. *Texas Parks & Wildlife Dept. vs. Garrett Place Inc.*, 972 S.W.2d 140, 143 (Tex. App. - Dallas, 1998) citing *Missouri Pac. R.R. v. Brownsville Navigation Dist.*, 453 S.W.2d 812, 813 (Tex. 1970). Immunity from suit completely bars an action against the governmental entity unless the entity waives its immunity and consents to suit. *Austin ISD v. Gutierrez*, 54 S.W.3d 860, 862 no.3 (Tex.App.-Austin 2001, no pet.). The waiver of governmental immunity is a matter addressed to the Texas Legislature. *Univ. of Tex. Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 775 (Tex.App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.) (citing *City of LaPorte v. Barfield,* 898 S.W.2d 288, 291 (Tex.1995)). In the absence of a waiver of governmental immunity, a court has no jurisdiction to entertain a suit against a governmental unit. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).

Plaintiff bears the burden of alleging facts affirmatively showing the trial court it has subject matter jurisdiction over the Defendant(s). *See Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993). The plaintiff bears the burden of pleading facts affirmatively demonstrating waiver of immunity from suit. *LTTS Charter School, Inc. v. Palasota*, 362 S.W.3d 202 (Tex. App-Dallas 2012). When a trial court learns that it lacks jurisdiction to hear a cause, the court must dismiss the cause and refrain from rendering a judgment on the merits. *Li v. Univ. of Tex. Health Sci. Ctr.*, 984 S.W. 2d 647 (Tex.App.-Houston 1998, write denied).

A court deciding jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland Independent School Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). If a Defendant challenges the existence of jurisdictional facts, a court considers relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised even when those facts may implicate the merits of the cause of action. *City of Waco v. Kirwah*, 298 S.W.3d 618, 622 (Tex.2009). If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law. *Id*. Further, standing is a necessary component of subject-matter jurisdiction, without which a court lacks authority to hear a case. *Tex. Ass'n of Bus.,* 852 S.W.2d at 444–45; *City of Houston v. Guthrie*, 332 S.W.3d 578, 587–88 (Tex. App. 2009).

## E.   Dismissal of State-law claims against Individuals based on Section 101.106(E), TCP&RC

The Texas Civil Practice and Remedies Code §101.106(e) provides:

> "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."

The Defendant City hereby files its motion under this statutory provision on behalf of each of the named and sued individual Defendant City Commission members, to the extent they are sued individually, asking that they be immediately dismissed from this lawsuit with prejudice. Plaintiff has named Defendants Pharr City Commission members: Mayor Ambrosio "Amos" Hernandez and City Commissioners Itza Flores, Ricardo Medina, Daniel Chavez, Ramiro Caballero and Roberto "Bobby" Carrillo individually in this lawsuit, seeking to hold them liable for several causes of action for actions taken during the course and scope of their role as City Commission members in passing a City Ordinance. *Dkt. 32*. There is no dispute that Plaintiff

alleges that the alleged actions of the individual Defendants were all done within the course and scope of their roles as elected City of Pharr City Commission members. *Dkt. 32.* Based on Plaintiff's election of remedies to sue both the governmental entity and the individual City representatives at the same time, Plaintiff has no claim against the individual Defendants and their dismissal from this lawsuit is mandatory with the filing of this Motion. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653 (Tex. 2008); *Singleton v Casteel*, 267 S.W.3d 547, 553-554 (Tex.App.-Houston [14th Dist.] 2008, pet denied.)

As explained above, state law limits the claims a Plaintiff may raise against a governmental employee when suit is also filed against the governmental unit. The Texas Tort Claims Act ("Act") limits a Plaintiff's election of remedies for claims against a governmental entity and its employees. Tex. Civ. Prac. & Rem. Code §101.106. The Act provides that [the] filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter. Tex. Civ. Prac. & Remedies Code §101.106(a). "Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d at 659. *See also, Newman v. Obersteller,* 960 S.W.2d 621, 622 (Tex. 1997). This would be so even if all common law tort claims against the City were not authorized by the Tort Claims Act. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659-60 (Tex. 2008). *See also*, *Franka*, 332 S.W.3d 367.

Because § 101.106 is an election of remedies statute, the Texas Supreme Court confirmed the entitlement of an individual defendant to dismissal in these circumstances. *Garcia*, 253 S.W.3d 653. *See also, Bustos v. Martini Club, Inc.*, 599 F.3d 458, 462-64 (5th Cir. 2010). As the Texas Supreme Court explained "[u]nder the Tort Claims Act's election scheme, recovery against an individual employee is barred and may be sought against the governmental unit only … when suit is filed against both the governmental unit and its employee…." *Garcia*, 253 S.W.3d at 657. If the Plaintiffs' allegations against the individual Defendants involve *the same subject matter* as their allegations against the City, those claims may only be raised against the City. "In other words, a suit under the Tort Claims Act against a governmental unit bars a same-subject-matter suit against

an employee in both the employee's official and individual capacities." *Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 401 (Ft. Worth 2008, no pet.). "A suit against an individual 'regard[s] the same subject matter' as a suit against a governmental entity when it 'arise[s] out of the same actions and occurrences.'" *Travis v. City of Grand Prairie*, 654 Fed. Appx. 161, 166 (5th Cir. 2016), *quoting Dallas Cty. Mental Health & Retardation v. Bossley*, 968 S.W.2d 339, 344 (Tex. 1998).

Based on its pleadings, suit by Plaintiff is considered to be against the individual Defendant Commission members in their official capacity only. Defendants have already challenged this election of remedies by Plaintiff with several Motions to Dismiss, and Plaintiff failed to amend its pleadings within 30 days to dismiss the individual Defendants. Consequently, they must be dismissed from this suit. Specifically, [i]f a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed. Tex. Civ. Prac. & Rem. Code §101.106(f).

Suit "could have been brought" under the Act against the City regardless of whether the Act waives governmental immunity from suit. The dissent in *Franka* argued (unsuccessfully) that "could have been brought" refers only to those tort claims for which the government has consented to suit under the Act, but that assertion was rejected. Government employees do not have to prove the government has waived immunity to be entitled to dismissal from a tort action based on conduct within the general scope of employment. *Franka*, 332 S.W.3d 367; *Garcia*, 253 S.W.3d at 659-60.

An employee is defined in § 101.001(2) as "a person, including an officer or agent, who is in the paid service of a governmental unit…." Tex. Civ. Prac. & Rem. Code § 101.001(2). Although officers such as the Mayor and Commissioner Defendants were not specifically identified as employees under the Act, as officers of the City they still qualify as employees because the original intent of the legislation was to include elected officials under that definition. "Section 101.001(2)'s precursor specifically included 'elective' officials in the definition of 'employee,' but 'elective' and other qualifiers were omitted as superfluous from the definition

when article 6252-19 was recodified as chapter 101 of the civil practice and remedies code." *Tex. Bay Cherry Hill, L.P.*, 257 S.W.3d at 398. The revisor's note to § 101.001 provided that "[i]n the definition of 'employee' the source material allowing the employment to be either 'full or part-time,' '*elective or appointive,*' and 'supervisory or nonsupervisory' is omitted because the definition is not limited by any of those conditions. *Id.*, *quoting* Tex. Civ. Prac. & Rem. Code § 101.001 revisor's note (emphasis added).

Because Plaintiff complains of the actions of Defendant Commission members taken as elected officials, their actions are considered those of a City employee under the Tort Claims Act. "The statute encourages, and in effect mandates, plaintiffs to pursue lawsuits against governmental units rather than their employees when the suit is based on the employee's conduct within the scope of employment." *Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 352 (Tex. 2013). "Scope of employment" is defined as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." Tex. Civ. Prac. & Rem. Code § 101.001(5). "A suit based on such conduct is not a suit against the employee; it is, 'in all but name only, a suit against the governmental unit.'" *Molina v. Alvarado*, 463 S.W.3d 867, 870-71 (Tex. 2015); *Goodman v. Doss*, No. 13-15-00079-CV, 2016 Tex. App. LEXIS 1106, at *12 (Tex. App.—Corpus Christi Feb. 4, 2016, no pet.).

State law thus limits the claims Plaintiff may raise against individual Commission Defendants for conduct within the general scope of their duties as City Commission members. Contrary to its allegations, Plaintiff may not pursue tortious interference claims, fraud claims or any other tort claim against individual Defendants arising out of their actions as City Commissioners/Mayor. *See Tex. Bay Cherry Hill, L.P.*, 257 S.W.3d 379. Like Plaintiff, Cherry Hill argued that Council Member Haskin tortiously interfered with its prospective business relationships through her actions as a Council Member. *Id.* at 391. The court held that Haskin's status as an elected official did not exclude her from qualifying as a city employee, however, and Cherry Hill could not pursue that claim against her. *Id.* at 398. Furthermore, any personal animus is not determinative. *See Hopkins v. Strickland*, 2013 Tex. App., LEXIS 2982, 2013 WL 1183302 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.). In *Hopkins*, Hopkins sued Strickland, the mayor of Liverpool, for slander and malicious prosecution, alleging Strickland made defamatory comments to the mayor of Danbury and discussed the possibility of pursuing criminal charges

against Hopkins with the District Attorney's office. *Id.* at *1-2. Hopkins contended he could pursue those claims against Strickland individually because those actions were not within the scope of the mayor's duties and were motivated by personal animus. *Id.* at *7. That court concluded that the mayor's actions were within the general scope of his employment because he "was completing tasks within his general duties as mayor, and though he may have acted in part to serve his own interests, that does not take the acts outside the scope of his employment." *Id.* at *8-9. "An official acts within the scope of [his] authority if []he is discharging the duties generally assigned to [him]." *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994).

Because Plaintiff only complains of individual Defendant Commission members' actions as the Mayor and City Commissioners, allegedly undertaken while in the course and scope of their official duties with the City, those claims are barred and the state law claims against them individually must be dismissed.

## F.     Individual Defendants entitled to Absolute Legislative Immunity

As discussed, Plaintiff attempts to hold the individual commissioners liable for voting in favor of the Ordinance and approving the purchase of HCEMS assets. *Dkt. 32*. In addition to their dismissal pursuant to the Tort Claims Act election of remedies provision, these City official Defendants are entitled to *absolute* legislative immunity.

Texas courts have repeatedly held that individuals acting in a legislative capacity are immune from liability. *Joe v. Two Thirty-Nine Joint Venture*, 145 S.W.3d 150,157(Tex.2004); *In re Perry*, 60 S.W. 3d. 857, 859 (Tex. 2001)(citations omitted); *Brown v. Lubbock County Comm. Court*, 185 S.W.3d. 499,505(Tex.App.—Amarillo 2005,no pet.). Legislative immunity extends to legislators at the federal, state, regional, and local levels of government – including city commission members – who are performing legitimate legislative functions. *Bogan v. Scott-Harris,* 523 U.S. 44, 53 118 S. Ct. 966, 140 L.Ed.2d 79 (1998)(stating that legislative immunity extends to local legislators). The determination of whether an act is legislative turns on the "nature of the act, rather than on the motive or intent of the official performing it." *Id*. at 54.  An act is inherently legislative if it reflects a discretionary, policymaking decision that implicates the priorities of the city and the services the city provides to its constituents. *Id*. at 55.  Voting in favor of an ordinance is "quintessentially legislative" and bears "the hallmarks of traditional legislation." *Id*.

The Board of Commissioners' enactment of the Ordinance and Resolution purchasing HCEMS assets is inherently legislative because it reflects a discretionary, policymaking decision in which the commissioners voted to approve items related to providing EMS services to its citizens. As such, Plaintiff's claims against the Commissioners and Mayor arise from their performance of legislative functions and are barred by the Defendants' legislative immunity. The Court lacks subject matter jurisdiction over the individuals and any claims against them should be dismissed.

**G.      Operation of Ambulance Services/Purchase of HCEMS/ambulance assets are Government Functions**

The City is immune from any tort cause of action challenging the enactment of the Ordinance and purchase of HCEMS assets because they are governmental functions, for which immunity protects. *See* Tex. Civ. Prac. & Rem. Code Ann §§ 101.057, 101.0215. The Texas Legislature has specifically designated the operation of ambulance services as a governmental function. Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(18).  Further, Courts have repeatedly held that government functions include all activities that are closely related to or necessary for performance of the governmental activities designated by statute. *See City of Houston v. Petroleum Traders Corp*., 261 S,W.3d 350, 355 (Tex.App-Houston [14th District.] 2008, no pet.)(fuel purchases are governmental function); *Ethio Express Shuttle Serv., Inc. v. City of Houston*, 164 S.W.3d 751, 754 n. 4 (Tex.App.-Houston [14th Dist.] 2005, no pet.)(regulation of private shuttle service from City Airport is government function*); see also City of San Antonio v. Butler*, 131 S.W.3d 170, 178 (Tex.App.-San Antonio 2004, pet. denied) ("courts have similarly held that all actions related to a designated government function are reclassified as governmental by the statute").

In this case, it is clear that enactment of the Ordinance and purchase of HCEMS assets are governmental functions because the actions are necessary to perform tasks for the public good. *See City of San Antoni*o, 131 S.W.3d at 177 ("all activities associated with the operation of one of the government functions listed in section 101.0215(a) are governmental and cannot be considered proprietary, regardless of the city's motive for engaging in the activity ... actions related to a designated government function are reclassified as governmental by the statute").  The Plaintiff has not plead any legislative waiver of immunity and any claim against the City should be dismissed for lack of subject-matter jurisdiction.

**H.     Waiver of Immunity over Declaratory Judgment Claim/Plaintiff fails to Plead Allegations of a Constitutional Violation**

Plaintiff brings a claim for declaratory judgment requesting that the Court "declare" Pharr City Ordinance No. O-2021-27 unconstitutional. *Dkt. 32, par. 28.* First, Plaintiff merely claims that the ordinance is "unconstitutional" and "unlawful" and does not even plead any specific cause of action for which it seeks a declaration. *Id.*

The Uniform Declaratory Judgments Act (UDJA) "does not enlarge a court's jurisdiction; it is a procedural device for deciding cases already within a court's jurisdiction." *City of Dallas v. Albert,* 354 S.W.3d 368, 378 (Tex.2011). Except as to its authorization to determine the validity of city ordinances or state statutes, the Declaratory Judgement Act ("DJA") does not waive governmental immunity from suit; it only provides a procedure for adjudication of matters where jurisdiction otherwise exists. *Tex. Parks & Wildlife Dep't v. Sawyer Trust,* 354 S.W.3d 384, 388 (Tex. 2011); *Tex. Dep't of Transp. v. Sefzik,* 355 S.W.3d 618, 621– 22 (Tex. 2011); *Tex. Dep't of Ins. v. Green,* No. 01-15-00321-CV, 2016 WL 2745063, at *3 (Tex. App.—Houston [1st Dist.] May 10, 2016, pet. denied) (mem. op.) ("[T]he DJA waiver of sovereign immunity is narrow." (internal quotations omitted)). Instead, it provides only a limited waiver of sovereign immunity for a claim that challenges the validity or constitutionality of a statute and an ordinance. *Sefzik,* 355 S.W.3d at 621–22; *City of El Paso v. Heinrich,* 284 S.W.3d at 373 n.6 (Tex. 2009); *Green,* 2016 WL 2745063, at *3. The statute does not authorize a declaration that construes the statutes or contracts and rights thereunder. Such claims are generally barred as the DJA does not waive sovereign immunity for them. *See Sefzik,* 355 S.W.3d at 621 ("[T]he UDJA does not waive the [S]tate's sovereign immunity when [a] plaintiff seeks a declaration of his ... rights under a statute or other law."); *City of New Braunfels v. Carowest Land, Ltd.,* 549 S.W.3d 163, 170– 71 (Tex. App.—Austin 2017, rev. denied); *Green,* 2016 WL 2745063, at *3.

Jurisdiction may be premised directly on constitutional provisions, but only where the pleaded allegations establish a viable constitutional violation. *Andrade v. NAACP of Austin,* 345 S.W.3d 1, 18 (Tex. 2011). *Houston Firefighters Relief and 19 Retirement v. City of Houston* 579 S.W.3d 792, 806-07 (Tex. App.—Houston [14th Dist.] 2019, pet. filed), and the cases cited therein. Conclusory allegations of a violation do not suffice to invoke the jurisdiction of the courts, and these claims must be dismissed. *See Stephen F. Austin Sate Univ. v. Flynn,* 228 S.W.3d 653, 660 (Tex. 2007)

Plaintiff's pleadings do no establish jurisdiction with their conclusory allegations against the City regarding the constitutionality of the Ordinance and no amendments can cure the jurisdictional defects. *See Tex. Dept. of Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). For this reason, the pleading is insufficient and confers no subject matter jurisdiction. Plaintiff simply asks for a declaration the Ordinance is unconstitutional, but fails entirely to plead any specific cause of action or Constitutional provision which the Ordinance allegedly violates or for which they seek a constitutional violation declaration, much less plead the basis for any alleged constitutional infirmity. *Dkt. 32.* Consequently, the City has immunity from Plaintiff's declaratory judgment claim as there is no subject-matter jurisdiction. As such, Plaintiff's declaratory judgement claim should be dismissed for lack of subject matter jurisdiction.

**I.    No Subject Matter Jurisdiction to Determine Validity of Ordinance because it is Penal**

A civil court of equity lacks jurisdiction to declare an Ordinance unconstitutional or intervene in the enforcement of a criminal statute unless the statute/Ordinance is: 1.) unconstitutional; and. 2.) there is a threat of irreparable injury to vested property rights. *State v. Morales*, 869 S.W.2d 941 (Tex. 1994) An ordinance that makes a violation punishable by a fine or which makes conduct "unlawful" is penal in nature. *State ex rel. Flowers v. Woodruff*, 200 S.W.2d 178, 181 (Tex. Crim. App. 1947) ("There can be no question but that the ordinance under consideration is penal in its nature, as it provides a fine up to $100 for each violation of any part of the ordinance."); *Consumer Serv. All. of Tex., Inc. v. City of Dallas*, 433 S.W.3d 796, 803 (Tex. App.—Dallas 2014, no pet.) (holding that ordinance that was punishable by fine and made violation an "offense" was a penal ordinance); *Wild Rose Rescue Ranch v. City of Whitehouse*, 373 S.W.3d 211, 216 (Tex. App.—Tyler 2012, no pet.) (holding that ordinance that in part authorizes citations and fines was "primarily penal in nature"). In this case, the Ordinance is penal in nature because 1. it makes it unlawful to operate an ambulance on the street without first registering in accordance with the Ordinance; and 2. violation of the Ordinance is a misdemeanor punishable by a monetary fine.

First, as discussed above, the Plaintiff has completely failed to make any legitimate jurisdictional argument that the Ordinance is unconstitutional or what provisions of the Ordinance are unconstitutional. *Dkt. 32.* Secondly, the Plaintiff has not and cannot establish any vested property interest in the operation of an ambulance service. A person's property interests include actual ownership of real estate, chattels, and money. *Consumer Serv. Alliance of Tex., Inc. v. City*

*of Dallas*, 433 S.W.3d 796, 805 (Tex.App.—Dallas 2014, no pet.) A right is "vested" when it has some definitive, rather than merely potential existence. *Id*.  "Texas courts have held that vested rights are those that imply an immediate right or entitlement—those that are not based upon mere expectancy or contingency." *Satterfield v. Crown Cork & Seal Co.,* 268 S.W.3d 190, 226 (Tex.App.–Austin 2008, no pet.); *Walls v. First State Bank of Miami*, 900 S.W.2d 117, 121–22 (Tex. App.–Dallas 1995, writ denied) ("To be vested, a right must be more than a mere expectancy based on an anticipated continuance of an existing law ...; it must have become a title, legal or equitable, to the present or future enforcement of a demand, or a legal exemption from the demand of another."). It is well settled that no person can acquire a vested right to use public streets and highways for carrying on a commercial business. *Chevron Oil Co. v. City of El Paso*, 537 S.W.2d 472 (Tex.Civ.App – El Paso 1976, no writ); *City of Wichita Falls v. Bowen*, 143 Tex. 45 182 S.W.2d 695 (1944). More precisely as applied to this case, Courts have already found that there is no vested property interest in the operation of an ambulance service.  *City of Amarillo v. Griggs Southwest Mortuary, Inc., 406 S.W.2d 230, 233 (Tex.Civ.App.—Amarillo 1966, writ ref'd n.r.e. ).* Because Plaintiff has no constitutionally protected property interest in the operation of an ambulance service, the Court has no authority to declare the Ordinance unconstitutional or unlawful under state law; and there is no subject-matter jurisdiction over this case as to such claim.

**J.**     **No Subject Matter Jurisdiction because Ordinance is Valid Exercise of Police Powers and Rationally Related to Legitimate Governmental Interest of Providing EMS Services for the Health, Safety, and Wellness of its Citizens**

Even if the Court had jurisdiction to declare the Ordinance unconstitutional or unlawful, which it does not, the Court would necessarily have to find that enactment of the Ordinance is constitutional and rationally related to a legitimate government interest of providing EMS services for the health, safety and welfare of its citizens.

Municipalities may enact reasonable regulations to promote the health, safety and general welfare of its people. *Town of Lakewood Vill. v. Bizios*, 493 S.W.3d 527, 537 (Tex. 2016), quoting *City of Brookside Village v. Comeau*, 633 S.W.2d 790, 792 (Tex. 1982).  Further, as a home-rule city, the City possesses the full power of self-government and looks to the constitution and legislature only for limits to enact ordinances. Tex. Const. art. 11, § 5. An ordinance is presumed to be constitutional and courts have no authority to interfere unless it is clearly arbitrary and unreasonable. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 938 (Tex. 1998), citing *Williamson*

*v. Lee Optical of Oklahoma, Inc*., 348 U.S. 483, 487-88, 75 S. Ct. 461, 99 L. Ed. 563 (1955). An ordinance will pass constitutional muster if it designed to accomplish an objective within the government's police power and is rationally related to the ordinance's purpose.  *Id.* Notably, an ordinance is not invalid or unconstitutional because private rights of persons or property are subjected to restraint, or that a financial loss will result to a company from their enforcement. *Town of Ascarate v. Villalobos*, 148 Tex. 254, 223 S.W. 2d. 945 (1949).

The City exercised its valid police power when it enacted the Ordinance. The institution of an emergency medical service is a service kindred to the police or fire service. *Ayala v. City of Corpus Christi*, 507 S.W.2d 324 (Tex.Civ.App.—Corpus Christi 1974, no writ). This type of service is incident to the police power of the state i.e. to protect the health, safety, and general welfare of its citizens. *Id.*  The Ordinance was enacted for the purpose of providing EMS services to its citizens. As alleged, the Ordinance provides that a privately-owned ambulance business that furnished emergency services to the citizens of Pharr is on the verge of discontinuing such ambulance services to in 2021; and the continuance of emergency and non-emergency ambulance services to the citizens is of utmost importance to the health, safety and welfare of the citizens; and regulation and provision of such services is a valid exercise of police power by the City. *Id.*

The Ordinance declaring the City as the sole ambulance provider is unquestionably rationally related to a legitimate governmental interest of protecting the health, safe and general welfare of its citizens. "Emergency services is provided for patients in circumstances which call for immediate action and in which the element of time in transporting the sick, wounded or injured for medical treatment is essential to the health or life of the person." *Brantley v. City of Dallas*, 545 S.W.2d 284, 286 (Tex.Civ.App.—Amarillo 1976).  The Ordinance ensures that the public's need for emergency ambulance services is secured. The Ordinance is facially constitutional, and Plaintiff cannot plead facts to overcome the Ordinance's constitutional presumption and thus cannot show and meet the elements of a constitutional challenge.

It should be noted that Plaintiff attempts to allege that because certain City Commission members allegedly had "improper motives" in voting on the Ordinance, that this renders the Ordinance unconstitutional. *Dkt. 32*. Such an assertion simply ignores the law. It is the nature of the Ordinance that is analyzed, not the alleged hidden motives for passage of the Ordinance. The Ordinances at issue unquestionably related to the public health, safety and welfare of the citizens,

because they specifically relate to and regulate EMS in the City of Pharr. As such, Plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

**K.      TOMA Claim**

Plaintiff attempts to assert that the City Defendants violated the Texas Open Meetings Act ("TOMA"). *Dkt. 32, ¶15; 21; 25.* TOMA requires every regular, special, or called meeting of a governmental body to be open to the public, with certain narrowly drawn exceptions. Tex. Gov't Code §§ 551.002, 551.071–.088. TOMA requires advance written notice of the date, hour, place, and subject of all meetings held by a governmental body be posted at least 72 hours before the meeting. Tex. Gov't Code §§ 551.041-043.

Plaintiff very vaguely alludes to TOMA violations. *Dkt. 32, ¶15; 21; 25.* However, Plaintiff fails to adequately plead a TOMA violation or how the Act was allegedly violated. Plaintiff first alleges that the City Defendants properly met and approved the purchase of HCEMS on April 5, 2021. *Dkt. 32, ¶15.* Plaintiff then claims that: Defendant Commissioners conducted secret meetings prior to "plan a takeover"; and that the City Defendants purchased HCEMS in closed session without the knowledge of the public. *Dkt. 32, ¶¶15, 21.* Plaintiff's allegations, however, are clearly false and pled in bad faith. Plaintiff pleads all actions were done at a public meeting-Plaintiff does not plead that *no vote was ever held in open session. Id.* The City first passed a resolution in open session at a properly posted City Commission meeting for the purchase of the assets of HCEMS[2] on March 29th, 2021; and then held a meeting on April 26, 2021 in which the authorization of the purchase was on the regular agenda for open session action. Additionally, Plaintiff pleads absolutely no facts regarding when, how, where and who allegedly secretly met outside posted meetings to "plan a takeover" instead relying on purely conclusory bad faith assertions. *Dkt. 32.*

Consequently, the true facts clearly demonstrate that the City Commission took action with respect to both the purchase of HCEMS assets and passage of the Ordinance in open session at lawfully posted City Commission meetings. As such, Plaintiff does not plead facts to support a TOMA violation; and the City Defendants retain immunity and the TOMA claim should be dismissed for lack of subject matter jurisdiction.

---

[2] Not HCEMS itself as falsely alleged by Plaintiff.

**L.      State-law Business and Commerce Code Claim Fails**

Plaintiff vaguely alludes to bringing claims pursuant to Section 15 of the Business and Commerce Code, restricting monopolies. *Dkt. 32*. Pursuant to Section 15 of the Business and Commerce Code, claims or suits to recover damages under that Chapter are specifically barred against municipalities. Tex. Bus. & Com. Code Ann. § 15.21 (West).[3] Consequently Plaintiff has not pled and can plead no facts or claims supporting jurisdiction over such claims against the City. The Texas Attorney General has likewise confirmed this immunity, as applied to Cities *and* their legislative elected officials sued individually. Tex. Att'y Gen. Op. JM-404 (1985). These claims must be dismissed against all Defendants for lack of subject- matter jurisdiction.

**M.      Tex. Local Gov. Code Sections 171.001 et seq -Comm Caballero; Def Hernandez**

Plaintiff alleges that the purchase of HCEMS was not made "in good faith." *Dkt. 32* Plaintiff further claims that individual Defendants Mayor Hernandez and Commissioner Caballero violated the law under Tex. Local Gov. Code Sections 171.001 et seq, Conflict of interest, when they voted to purchase HCEMS. *Id.* Texas does not recognize a separate claim for failure to disclose a conflict of interest. *See Seibu Corp. v. KPMG, L.L.P.*, 2001 WL 1167317, 5 (N.D. Tex. Oct 2, 2001)(dismissing claim of failure to disclose a conflict of interest as derivatives of fraud claim). There exists no private cause of action; there exists no standing for Plaintiff; and there is no waiver of the City Defendants' immunity; and the claim must be dismissed for lack of subject matter jurisdiction.

**N.      No Subject-matter jurisdiction over Ultra Vires Claim**

Plaintiff vaguely attempts to plead an *ultra vires* claim regarding the Individually named Commission Defendants. *Dkt. 32*. Plaintiff alleges the Individual Defendants presumably acted ultra vires in passing City ordinances dealing with ambulance regulation. Plaintiff fails to even allege what "lawful authority" was exceeded with these alleged actions. *Id.* Regardless, this is a frivolously pled and alleged claim for which no subject-matter jurisdiction exists; or can ever exist. There can be no *ultra vires* claim against an entity or government officials *in their individual capacity*. There is no standing or basis to sue the City or individual capacity Commission Board

---

[3] (a) Suits to Recover Damages

(1) Any person or governmental entity…whose business or property has been injured by reason of any conduct declared unlawful in Subsection (a), (b), or (c) of Section 15.05 of this Act may sue any person, *other than a municipal corporation*, in district court in any county of this state…  Emphasis Added.

members for *ultra vires* claims.

Under the *ultra vires* doctrine, immunity does not bar a suit for state  law claims against a *government officer* to restrain acts that are beyond the officer's lawful authority (hence the "*ultra vires*" label). *See, e.g.*, *Houston Belt & Terminal Ry. Co. v. City of Hous.*, 487 S.W.3d 154, 161 (Tex. 2016). Emphasis Added. There are four important requirements for such a suit. First, the suit must formally be pleaded against *a governmental official, in his or her official capacity*, not the government principal or individual capacity Defendants, a procedure conforming to an underlying concept that *ultra vires* suits do not seek to judicially control the government, but merely to reassert the control of the government. *City of El Paso v Heinrich*, 284 S.W.3d 366, 372-73 (Tex.2009). Emphasis Added. The Texas Supreme Court has made clear that governmental entities themselves, such as the City and the board of commissioners, retain immunity from an *ultra vires* suit or *ultra vires* claims. *Heinrich*, 284 S.W.3d at 372-73. Plaintiff's pleading does not do this.

Second, the "suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Id.* at 372. Plaintiff does not allege this. The third limitation relates to the nature and effect of the remedy sought. The remedy must be prospective in nature— i.e., compelling legal compliance going forward, as opposed to awarding retrospective relief to remedy past violations. *Id.* at 373-77. The fourth limitation, closely related to the third, is that an *ultra vires* claim otherwise within the trial court's jurisdiction may independently implicate immunity if it would have the effect of establishing a right to relief against the government for which the Legislature has not waived immunity. *See, e.g.*, *Texas Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388–89 (Tex. 2011) (title as against the State); *City of Houston v. Williams*, 216 S.W.3d 827, 828–29 (Tex. 2007) (per curiam) (retrospective monetary relief).

Plaintiff's Complaint meets none of these conditions; and does not plead a single fact in support of subject-matter jurisdiction for an *ultra vires* claim. *Dkt. 32.*

## V. CONCLUSION

Therefore, based on any one or more of the foregoing reasons, the City Defendants request and pray that this Court find that the Plaintiff's claims against the City Defendants be dismissed as a matter of law for both lack of jurisdiction and for failure to state a claim for which relief can be granted. The City Defendants also pray for any relief to which they may show themselves justly entitled.

SIGNED on the 8th day of July 2022.

Respectfully Submitted,

*Robert L. Drinkard*

ROBERT L. DRINKARD
Attorney In Charge
State Bar No. 24007138
So. Dist. ID No. 29288
rldrinkard@rampagelaw.com
**DENTON NAVARRO ROCHA
BERNAL & ZECH**
A Professional Corporation
701 E. Harrison Ste 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Facsimile)

*Ricardo J. Navarro*

RICARDO J. NAVARRO
State Bar No. 14829100
So. Dist Id No. 5953
rjnavarro@rampagelaw.com
**DENTON NAVARRO ROCHA
BERNAL & ZECH**
A Professional Corporation
701 E. Harrison Ste 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Facsimile)

**COUNSEL FOR CITY DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document has been served in accordance with one or more of the recognized methods of service by the Federal Rules of Civil Procedure on the persons or parties identified below on this, the 8th day of July 2022.

Francisco R. Canseco                                     **Via Efiling Notification**
Attorney At Law
19 Jackson Court
San Antonio, Texas 78230
Email: fcanseco@gmail.com
**COUNSEL FOR PLAINTIFF MED CARE
EMERGENCY MEDICAL SERVICES, INC.**

Michael W. Simpson                                      **Via Efiling Notification**
Attorney At Law
251 Quintin Dr.
San Antonio, Texas 78231
Email: rangersimpson@satx.rr.com
**COUNSEL FOR PLAINTIFF MED CARE
EMERGENCY MEDICAL SERVICES, INC.:**


By:     *Robert L. Drinkard*
        ROBERT L. DRINKARD
        RICARDO J. NAVARRO